## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

FRANK RICCIO, on behalf of himself and all others similarly situated,

Plaintiff(s),

-against-

CREDIT COLLECTION SERVICES, and JOHN DOES 1-25,

Defendant(s).

Civil Case Number: _____

### CIVIL ACTION

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, FRANK RICCIO, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, CREDIT COLLECTION SERVICES ("CCS") and JOHN DOES 1-25 ("Defendants") their employees, agents, and successors (collectively "Defendants") the following:

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.     Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person and a resident of Ocean County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      CCS is a foreign company and maintains a location at 725 Canton Street, Norwood, MA 02062.

8.      Upon information and belief, CCS uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.      CCS is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.      John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.      Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters

and/or notices from the Defendants, which are in violation of the FDCPA, as described in this Complaint.

12.    This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from CREDIT COLLECTION SERVICES, concerning a debt owed to PNC Bank, which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein.

- The class definition may be subsequently modified or refined.

- The Class period begins one year to the filing of this Action.

13.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice.  (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

a.   Whether the Defendant violated various provisions of the FDCPA including but not limited to:

15 U.S.C. §§ 1692g *et seq.*, and 1692e *et seq.*

b.   Whether Plaintiff and the Class have been injured by the Defendant's conduct;

c.   Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.   Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would

engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed to proceed without remedy, it will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.    On or before October 7, 2017, Plaintiff allegedly incurred a financial obligation to PNC Bank. ("PNC").

16.    The PNC obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.    The PNC obligation did not arise out of a transaction that was for non-personal use.

18.    The PNC obligation did not arise out of a transaction that was for business use.

19.    The PNC obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20.     PNC is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21.     On or before October 07, 2017, the PNC obligation was referred to CCS for the purpose of collection.

22.     At the time the PNC obligation was referred to CCS the PNC obligation was past due.

23.     At the time the PNC obligation was referred to CCS the PNC obligation was in default pursuant to the terms of the agreement creating the obligation.

24.     CCS caused to be delivered to Plaintiff a letter dated October 7, 2017, which was addressed to Plaintiff.  A copy of said letter is annexed hereto as **Exhibit A.**

25.     The October 7, 2017 letter was sent to Plaintiff in connection with the collection of the PNC obligation.

26.     The October 7, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

27.     Upon receipt, Plaintiff read the October 7, 2017 letter.

28.     The October 7, 2017 letter stated at the top:

# CREDIT COLLECTION SERVICES

725 Canton Street, Norwood, MA 02062 ● 877.573.2067
Fax Number: (617) 762-3044  (use this notice as cover sheet)
Self-service:www.ccspayment.com
Mon-Fri: 8AM-9PM, Sat: 9AM-2PM, ET

**CALL CENTER SUPPORT: 1 (617) 581-1073**

29.     The October 7, 2017 letter stated in part:

# COLLECTION NOTICE - COLLECTION NOTICE

Your account was previously listed with another collection agency and re-assigned to this office for recovery.   Please remit payment in the envelope provided or visit our self-service website @ www.ccspayment.com.

If you have any questions, concerns, or would simply like personal assistance, our Customer Service Agents are available during the hours listed above. Thank you.

We are required to make the following statement: This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

30.     October 7, 2017 letter further stated in part:

**FEDERAL LAW:** Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address o the original creditor, if different from the current creditor.

31.     Section 1692g(a)(3)of the FDCPA requires to debt collector to:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---
>
> (3)   a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

32.     A dispute of a debt, to be effective, in the Third Circuit, must be in writing. *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991). *Caprio v. Healthcare Revenue Recovery Group*, 709 F.3d 142 (3d Cir. March 1, 2013).

33.     CCS knew or should have known that its actions violated the FDCPA.

34.     CCS could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

35.     It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

> (a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

(b)    Failing to provide the consumer with a proper notice pursuant to 15 U.S.C. §1692g(a)(3);

36.    On information and belief, Defendant has sent written communications in the form annexed hereto as **Exhibit A**, to at least 40 natural persons in the state of New Jersey with one year of this Complaint.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

37.    Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

38.    Collection letters and/or notices, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

39.    The October 7, 2017 letter fails to properly inform the least sophisticated consumer that to effectively dispute the alleged debt, such dispute *must* be in writing.

40.    The least sophisticated consumer upon reading the October 7, 2017 letter would be confused as to what he must do to effectively dispute the alleged debt.

41.    The least sophisticated consumer wishing to dispute the alleged debt because he had questions, would be confused as to what steps she should take to notify Defendants of his dispute.

42.    The least sophisticated consumer wishing to dispute the alleged debt because he had questions as to the amount of the debt, would be confused as to what steps she should take to notify Defendants of his dispute.

43.    The least sophisticated consumer wishing to dispute the alleged debt because he had concerns, would be confused as to what steps she should take to notify Defendants of his dispute.

44.    The least sophisticated consumer wishing to dispute the alleged debt because he had concerns as the amount of the debt, would be confused as to what steps she should take to notify Defendants of his dispute.

45.    The least sophisticated consumer wishing to dispute the alleged debt because he had questions as to the validity of the debt, would be confused as to what steps she should take to notify Defendants of his dispute.

46.    The least sophisticated consumer wishing to dispute the alleged debt because he had concerns as to the validity of the debt, would be confused as to what steps she should take to notify Defendants of his dispute

47.    The least sophisticated consumer upon reading the instructions in the October 7, 2017 letter would be mislead into believing that if he wished to effectively dispute the alleged, debt or any portion thereof, because he had questions and/or concerns about the amount of such debt and/or the validity of the debt, he may (1) notify Defendant by calling the CALL CENTER SUPPORT at (617) 581-1073 and speaking to a Customer Service Agent; or (2) write to Defendant at the address listed in the letter.

48.    Defendant's instructions in the October 7, 2017 letter would cause least sophisticated consumer to be unsure as to what he must do to effectively dispute the alleged debt.

49.    A dispute of a debt, to be effective, in the Third Circuit, must be in writing. Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991). Caprio v. Healthcare Revenue Recovery Group, 709 F.3d 142 (3d Cir. March 1, 2013).

50. Defendant violated 15 U.S.C. §1692g(a)(3) by failing to effectively inform Plaintiff in the October 7, 2017 letter, what he must do in order to dispute the alleged debt.

51. Defendant violated 15 U.S.C. §1692e(10) by falsely representing and misleading Plaintiff into believing that if he wished to dispute the alleged debt or any portion thereof, that he may: (1) notify Defendant by calling the CALL CENTER SUPPORT at (617) 581-1073 and speaking to a Customer Service Agent; or (2) write to Defendant at the address listed in the letter.

52. The October 7, 2017 letter is misleading because the instructions can be read to have two or more meaning, which one is inaccurate.

53. The October 7, 2017 letter can be read to mean that the least sophisticated consumer may dispute the alleged debt by calling the CALL CENTER SUPPORT at (617) 581-1073 and speaking to a Customer Service Agent..

54. The October 7, 2017 letter can be read to mean that the least sophisticated consumer may dispute the alleged debt by notify Defendant in writing at the address provided.

55. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

56. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

57. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

58. Plaintiff and others similarly situated were sent letters, which would have affected their decision-making with regard to the debt.

59.     Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

60.     Plaintiff has suffered damages and other harm as a direct result of Defendant's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: October 23, 2017

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: October 23, 2017

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit

# A



# CREDIT COLLECTION SERVICES



725 Canton Street, Norwood, MA 02062 • 877.573.2067
Fax Number: (617) 762-3044 (use this notice as cover sheet)
Self-service: www.ccspayment.com
Mon-Fri: 8AM-9PM, Sat: 9AM-2PM, ET

**CALL CENTER SUPPORT: 1 (617) 581-1073**

Date: 10/07/17
File Number: ████1977
Pin Number: ████
Account Number Ending In: 1391

38793 1 AB 0.400 T 111

FRANK RICCIO

|||||||||||||||||||||||||||||||||||||||||||||||||||||

| CREDITOR: | AMOUNT OF THE DEBT: |
|---|---|
| PNC BANK | $363.67 |

## COLLECTION NOTICE - COLLECTION NOTICE

Your account was previously listed with another collection agency and re-assigned to this office for recovery. Please remit payment in the envelope provided or visit our self-service website @ **www.ccspayment.com**.

If you have any questions, concerns, or would simply like personal assistance, our Customer Service Agents are available during the hours listed above. Thank you.

We are required to make the following statement: This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

**FEDERAL LAW:** Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**SELF-SERVICE WEBSITE:** Our self-service website offers the ability to pay by check, debit card, establish a payment plan, print a scheduled payment voucher(s) to mail with payment to this office, review payment history, print a payment-in-full receipt for your records, submit a request to stop telephone calls, and more.

**SUBMIT / SEND CORRESPONDENCE:** You can visit our self-service website to upload documents, enter information online, print a cover-sheet to send with your correspondence, submit a request to stop telephone calls, and more. If you prefer, you can mail correspondence to: CCS P.O. Box 96, Norwood, MA 02062-0096, or fax to: (617) 762-3044 (please use this notice as your cover sheet).

## IMPORTANT: DO NOT REMIT PAYMENT VIA BALANCE TRANSFER CHECK(S)

| File Number: ████977 | **PLEASE PAY THIS AMOUNT:** |
|---|---|
| Pin Number: ████ | **$363.67** |
| FRANK RICCIO | |

• Please write your File Number on check (shaded box above). Do not mail post-date checks (call for assistance).
• CCS may process payment as a one-time electronic funds withdrawal using information from your check.

### CHECK-BY-PHONE AND DEBIT CARD ACCOMMODATION

Please remit payment by mail. To expedite payment by check or debit card, you may call (877) 573-2067 for personal assistance. Our Customer Service Agents are available during extended business hours. Furthermore, you have the option to process payment via our full service payment website.

#### SELF SERVICE OPTIONS AVAILABLE ONLINE

**CCS**
**PAYMENT PROCESSING CENTER**
**P.O. BOX 55126**
**BOSTON, MA 02205-5126**

|||||||||||||||||||||||||||||||||||||||||||||||||