*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FRANK RICCIO, on behalf of himself and all others similarly situated, | : : : : | |
| Plaintiff, | : : | Civil Action No. 17-8889 (FLW) (LHG) |
| v. | : : : | OPINION |
| CREDIT COLLECTION SERVICES, and JOHN DOES 1-25 | : : : : | |
| Defendant. | : : | |

**WOLFSON, United States District Judge:**

This putative class action suit against Defendant Credit Collection Services ("Defendant" or "CCS"), arises out of Plaintiff Frank Riccio's ("Plaintiff") claim that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by sending a debt-collection letter that failed to adequately notify Plaintiff of his rights to dispute a debt. In the present matter, Defendant moves for a judgment on the pleadings dismissing Plaintiff's claims, pursuant to Federal Rule of Civil Procedure 12(c). For the reasons set forth below, Defendant's motion is **GRANTED**, and Plaintiff's claims are, therefore, **DISMISSED**.

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

For the purposes of this motion, the following facts are taken from the Complaint and assumed as true. Plaintiff is a resident of Ocean, New Jersey. Compl. ¶ 6. Defendant is a debt collection agency operating in Norwood, Massachusetts.[1] *Id.* at ¶¶ 7-8. On October 7, 2017,

---

[1] There is no dispute that under 15 U.S.C. § 1692a(3), Plaintiff meets the statutory definition of a "consumer," and Defendant is a "debt collector" under the FDCPA. *See* 15 U.S.C. § 1692a(6).

1

2018, Defendant sent Plaintiff a one-page collection letter regarding a debt owed to PNC Bank, in the amount of $363.67. *See* Compl., Exh. A., Letter dated October 7, 2017 ("October 7 Letter"). In relevant part, the letter reads as follows:

# CREDIT COLLECTION SERVICES
725 Canton Street, Norwood, MA 02062 • 877.573.2067
Fax Number: (617) 762-3044 (use this notice as cover sheet)
Self-service:www.ccspayment.com
Mon-Fri: 8AM-9PM, Sat: 9AM-2PM, ET
**CALL CENTER SUPPORT: 1 (617) 581-1073**

COLLECTION NOTICE - COLLECTION NOTICE

Your account was previously listed with another collection agency and re-assigned to this office for recovery. Please remit payment in the envelope provided or visit our self-service website @ www.ccspayment.com.

If you have any questions, concerns, or would simply like personal assistance, our Customer Service Agents are available during the hours listed above. Thank you.

We are required to make the following statement: This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

**FEDERAL LAW:** Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**SELF-SERVICE WEBSITE:** Our self-service website offers the ability to pay by check, debit card, establish a payment plan, print a scheduled payment voucher(s) to mail with payment to this office, review payment history, print a payment-in-full receipt of your records, submit a request to stop telephone calls, and more.

**SELF-SERVICE WEBSITE:** Our self-service website offers the ability to pay by check, debit card, establish a payment plan, print a

> scheduled payment voucher(s) to mail with payment to this office, review payment history, print a payment-in-full receipt of your records, submit a request to stop telephone calls, and more.

*Id.* Based on this written communication, Plaintiff alleges that Defendant violated: 1) 15 U.S.C. § 1692e by making false, deceptive, or misleading representations or means in connection with the collection of the debt; and 2) 15 U.S.C. § 1692g for using unfair or unconscionable means to collect or attempt to collect the debt. Compl. ¶¶ 37-60. Specifically, Plaintiff contends that Defendant's inclusion in the letter of two telephone numbers and an invitation to call should Plaintiff have any question, concerns, or need personal assistance "overshadows or contradicts" the debt disclosure notice mandated by § 1692g(a).

Defendant now moves for a judgment on the pleadings, arguing that Plaintiff fails to state a legal claim under the FDCPA.

## II. <u>LEGAL STANDARD</u>

A Rule 12(c) motion for judgment on the pleadings is treated like a motion to dismiss under Rule 12(b)(6)."*Millar v. Pitman Bd. of Educ.*, No. 10-4104, 2011 WL 2417141, at *2 (D.N.J. June 13, 2011) (*citing Bor. of Sayreville v. Union Carbide Corp.*, 923 F. Supp. 671, 676 (D.N.J. 1996)) (citing *Turbe v. V.I.*, 938 F.2d 427, 428 (3d Cir.1991)). A court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir.2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched

as factual allegation[s]." (internal quotation marks omitted)). Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, … on the assumption that all the allegations in the complaint are true (even if doubtful in fact) …" *Twombly,* 550 U.S. at 555 (internal citations and footnote omitted).

The Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). When evaluating a motion to dismiss for failure to state a claim, district courts engage in a three-step progression.

First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Iqbal,* 556 U.S. at 662. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 664. Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* This means that the inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged. *Malleus v. George,* 641 F.3d 560, 563 (3d Cir.2011). A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). This "plausibility" determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Fowler,* 578 F.3d at 211

4

(citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully;" mere consistency with liability is insufficient. *Iqbal,* 556 U.S. at 678. A plaintiff may not be required to plead every element of a prima facie case, but he must at least make "allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler,* 578 F.3d at 213 (3d Cir. 2009).

## III. DISCUSSION

### A. FDCPA

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692e. The purpose of the FDCPA is to ensure that consumers are protected from fraudulent practices by prohibiting certain abusive, deceptive, and unfair debt collection practices. *Marx v. General Revenue Corp.*, 568 U.S. 371, 374 (2013). Under the FDCPA, a debt collector is prohibited from engaging in "any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of debt." 15 U.S.C. § 1692d. As such, a debt collector cannot "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. In connection with the present case, the FDCPA requires debt collectors to provide the consumer with a written notice containing certain information regarding the debt allegedly owed within five days of initial communication. *See* 15 U.S.C. § 1692g(a).

To ensure enforcement, the FDCPA creates a private right of action for plaintiffs which enables them to bring suits against debt collectors who violate the FDCPA's provisions. 15 U.S.C. § 1692K; *see Grant v. JPMorgan Chase Bank*, No. 12-06248, 2013 WL 1558773, at *2 (D.N.J. Apr. 10, 2013). To state a claim under the FDCPA, a plaintiff must establish that "(1)

5

he or she is a 'consumer' who is harmed by violation of the FDCPA; (2) the 'debt' arises out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant collecting the debt is a 'debt collector'; and (4) the defendant has violated, by act or omission, a provision of the FDCPA." *Id.* (quoting *Berk v. J.P. Morgan Chase Bank*, *N.A.*, No. 11-2715, 2011 WL 4467746, at *3 (E.D. Pa. Sept. 26 2011) (citing 15 U.S.C. §§ 1692a-o)). Additionally, "[a] threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt.'" *Zimmerman v. HBO Affiliate Group*, 834 F. 2d. 1163, 1167 (3d Cir. 1987).

The Third Circuit construes the language of the FDCPA broadly as it is a remedial statute. *Brown v. Card Service Center*, 464 F. 3d. 450, 454 (3d Cir. 2006). Because of the FDCPA's remedial nature, the court analyzes "any lender-debtor communications [as] potentially giving rise to claims under the FDCPA" and thus, communications between lenders and debtors "should be analyzed from the perspective of the least sophisticated debtor." *Id.* The least sophisticated debtor perspective is a well-established legal principal recognized throughout the Courts of Appeals. *See, e.g.*, *Baker v. G.C. Services Corp.*, 677 F. 2d 775 (9th Cir. 1982); *U.S. v. National Financial Services, Inc.*, 98 F. 3d 131, 135 (4th Cir. 1996); *Smith v. Transworld Systems, Inc.*, 953 F. 2d 1025, 1028 (6th Cir. 1992). Further, the Third Circuit has held that the least sophisticated debtor perspective is consistent with "basic consumer-protection principles" that are at the heart of the FDCPA's purpose. *see Wilson v. Quadramed Corp.*, 225 F. 3d 350, 354 (3d Cir. 2000).

Under that standard, the court requires more than "simply examining whether particular language would deceive or mislead a reasonable debtor." *Brown*, 464 F. 3d. at 454 (quoting *Wilson*, 225 F. 3d at 354); *see also Gaziano v. Harrison*, 950 F. 2d 107, 111 (3d Cir. 1991).

6

Rather, the least sophisticated debtor standard requires less than that of a reasonable debtor, which would ask "whether a particular debt collection communication would mislead or deceive a reasonable debtor." The reasonable debtor standard, however, does not "provide solace to the willfully blind or non-observant." *Campuzano-Burgos v. Midland Credit Management, Inc.*, 550 F. 3d 294, 299 (3d Cir. 2008). The least sophisticated debtor standard, on the other hand, presumes that the debtor has "a basic level of understanding and willingness to read with care." *Rosenau v. Unifund Corp.*, 538 F. 3d 218, 211 (3d Cir. 2008). In addition, "the least sophisticated debtor is bound to read collection notices in their entirely." *Campuzano-Burgos*, 550 F. 3d at 299. Indeed, this standard "comports with [the] basic purpose of the FDCPA . . . to protect 'all consumers, the gullible as well as the shrewd.'" *Id.* (quoting *Wilson*, 225 F. 3d at 354-55 (internal quotation marks and citation omitted)).

### B.  § 1692g

Plaintiff alleges that Defendant violated § 1692g(a)(3) by sending an initial communication, *i.e.* the October 7 Letter, that failed to effectively inform Plaintiff what he must do in order to dispute the alleged debt. Section 1692g(a) provides that a debt collector is required to include the following information within five days after the initial communication with a consumer:

> (1) The amount of the debt
>
> (2) The name of the creditor to whom the debt is owed;
>
> (3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgement against the consumer and a copy of

> such verification or judgement will be mailed to the consumer by the debt collector; and
>
> (5) A statement that, upon the consumer's written request within the third-fay period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). Indeed, Congress included these debt validation provisions to guarantee that consumers would receive notice of their rights under the law. *Wilson*, 225 F. 3d at 354. The FDCPA further mandates that if the consumer has provided written notice within the 30-day period that he or she disputes the debt, or requests the name of the original creditor, the debt collector must cease all efforts to collect the debt until the debt collector obtains and mails to the consumer either verification of the debt, a copy of a judgement to the consumer, or the name and address or the original creditor. *See* 15 U.S.C. § 1962g(b).

Under these provisions of the FDCPA, debt collectors must provide consumers with an explanation of their rights, which is known as a validation notice. *See Gaziano*, 950 F. 2d at 111; *Wilson*, 225 F. 3d at 353. Congress specifically included the requirement of a validation notice to ensure that consumers would receive *adequate* notice of their rights under the law. *Wilson*, 225 F. 3d at 354 (citing *Miller v. Payco-General American Credits, Inc.*, 943 F. 2d 482, 483-84 (4th Cir. 1991)). The "mere inclusion of the statutory debt validation notice in the debt collection letter" by debt collectors is not sufficient to comply with the law, however, true compliance with the FDCPA by debt collectors requires that the validation notice is "conveyed effectively to the debtor." *Id*.

The Third Circuit has routinely held that an effective validation notice is one "where the validation notice is [not] overshadowed or contradicted by accompanying messages or notices from the debt collector." *Id.* at 355; *see Graziano,* 950 F. 2d at 11; *see also Caprio v. Healthcare*

*Revenue Recovery Group, LLC,* 709 F. 3d 142 (3d Cir. 2013). Moreover, Congress has reconfirmed the requirement that the validation notice not be overshadowed as integral to the FDCPA, as Congress amended § 1692g(b) in 2016 to provide that "[a]ny collection activities and communications during the 30-day period may not overshadow or be inconsistent with the disclosure of consumer's rights to dispute the debt or request the name and address of the original creditor." *Caprio*, 709 F.3d at 148. Thus, a collection letter cannot be deceptive, overshadowing, or contradictory so as to make the least sophisticated debtor uncertain of his or her rights. *Wilson,* 225 F 3d. at 354. A collection letter is deceptive "when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Id.* (quoting *Russel v. Equifax A.R.S.*, 74 F. 3d 30, 34-35 (2nd Cir. 1996)). It is a question of law left to the courts as to whether the language in a collection letter overshadows or contradicts the FDCPA validation notice. *Caprio,* 709 F. 3d at 147.

Here, Plaintiff maintains that, although the October 7 Letter contained the statutorily mandated validation notice informing Plaintiff how to dispute his debt, the letter also contained extraneous contact information that overshadows or contradicts the notice. This allegedly overshadowing language consisted of an invitation for Plaintiff to call CCS should he have any "questions, concerns or would simply like personal assistance," and two separate telephone numbers at which to contact CCS. According to Plaintiff, these pieces of information could have confused the "least sophisticated consumer" that he could dispute the debt by calling one of the two numbers, when, in the Third Circuit, any dispute, to be effective, must be in writing. *See Caprio*, 709 F. 3d 142.

I note, as an initial matter, that I previously confronted a § 1692g claim involving a notice letter containing very similar language in *Borozan v. Financial Recovery Services, Inc.*, No. 17-11542, 2018 WL 3085217 (D.N.J. June 22, 2018). There, the defendant collection agency sent a

letter stating, "You owe $346.43. Please feel free to call us at the toll free number listed below or use our online consumer help desk," immediately above the statutorily mandated validation notice, which instructed the plaintiff to notify the defendant in writing in order to dispute the debt. *Id.* at *1. I held that the substance and the form of the letter did not violate the FDCPA because it did not advise the plaintiff to dispute the debt in any manner other than in writing, and "the letter evaluated as a whole would not lead to multiple interpretations by the least sophisticated consumer." *Id.* at *6. Here too, the letter contains a validation notice that explicitly directs Plaintiff to dispute the debt *in writing*. As in *Borozan*, immediately above the validation notice is the language with which Plaintiff takes issue, which merely invites the consumer to call Defendant's Customer Service Agents, "if you have any questions, concerns, or would simply like personal assistance." October 7 Letter at 1. This phrase cannot be construed as inviting even the least sophisticated consumer to dispute a debt: it "neither explicitly invites the consumer to call to dispute a debt, nor threatens or encourages the consumer to waive his or her statutory rights to challenge the validity of the debt." *Rodriguez v. Northland Grp., LLC*, No. 18-7692, 2018 WL 6567705, at *6 (D.N.J. Dec. 13, 2018) (citations omitted). Plaintiff needed only to look to the next paragraph—which, under the least sophisticated debtor standard, Plaintiff is presumed to have read, *see Campuzano-Burgos*, 550 F.3d at 299—to discover the proper method for disputing the debt, *i.e.* in writing, and that method was not in any way contradicted by the subject language. Thus, as in *Borozan*, the letter here does not violate the FDCPA.

This conclusion is in line with multiple other cases holding that extremely similar notice letters did not violate the FDCPA. *See Ferrulli v. BCA Fin. Servs., Inc.*, No. 17-13177, 2018 WL 4693968, at *3 (D.N.J. Sept. 28, 2018) ("[The letter] constitutes a simple invitation to call 'if you have any questions regarding this debt'—neither superseding or swallowing up the instructions

about how to dispute the debt, nor providing an alternative method for that purpose"); *Robinson v. Northland Grp., Inc.*, No. 17-12023, 2018 WL 3455481, at *7 (D.N.J. Jul. 18, 2018) (finding that the phrase "[w]e look forward to hearing from you" does not violate the FDCPA because it is merely "used in the context of a general invitation to call about any questions in a separate closing paragraph"); *Magana v. Amcol Sys.*, No. 17-11541, 2018 WL 2723828, at *4 (D.N.J. June 6, 2018) ("One must stretch their imagination past the point of discomfort, and past the point of the least sophisticated debtor, to read the phrase 'please contact' for 'questions' as being equivalent to an invitation to call to dispute, quarrel, or argue over the validity of a claim."); *Reizner v. Nat'l Recoveries, Inc.*, No. 17-2572, 2018 WL 2045992, at *9 (D.N.J. May 2, 2018) (finding that the phrase "[f]or further information, please write or call us at the address or number contained in this notice," did not violate the FDCPA because it "does not expressly state that Plaintiff should call to contest the debt"); *see also Terran v. Kaplan*, 109 F.3d 1428, 1430 (9th Cir. 1997) (use of "[u]nless an immediate telephone call is made" did not overshadow or contradict validation notice); *Vasquez v. Gertler & Gertler, Ltd.*, 987 F. Supp. 652, 657 (N.D. Ill. 1997) (use of "contact[] me without further delay" did not overshadow or contradict validation notice).

Plaintiff's comparison of the disputed phrase here to the language examined in two Third Circuit cases finding FDCPA violations is inapt. In *Caprio v. Healthcare Revenue Recovery Group*, LLC, the plaintiff challenged a collection letter's instruction for him to call or write to defendant if he believed he was not responsible for the debt in connection with the service described. 709 F. 3d 142, 145 (3d Cir. 2013) ("If we can answer any questions, *or if you feel you do not owe this amount*, please call us toll free at 800-984-9115 or write us at the above address."). Similarly, in *Laniado v. Certified Credit & Collection Bureau*, the debt collector

provided an appropriate validation notice in its initial communication to the consumer. 705 F. App'x 87 (3d Cir. 2017). Three weeks later, however, the debt collector sent a second letter without mention of the first. Importantly, the second letter stated, "SHOULD THERE BE ANY DISCREPENCY, PLEASE CALL ..." *Id.* at 88. In both cases, the court found that these phrases overshadowed the letter's validation notice because they explicitly directed the plaintiff to call or write in order to dispute the debt. As I wrote in *Borozan,* "[i]n *Caprio and Laniado,* the substance of the messages welcoming the consumer to contact the debt collector by phone was contingent on whether the consumer had a reason to dispute the debt." 2018 WL 3085217, at *6. Further, in both cases, the court found that the letter's physical characteristics compounded its substantive flaws. For instance, in *Caprio*, the language that the recipient should "please call" and the toll-free number provided for such a call were bolded in large font on the front of the letter, whereas the validation notice was on the back side, an arrangement that drew "even more attention ... to th[e] deficient alternative." 709 F.3d at 151. While in *Laniado*, the Third Circuit reasoned that there was no stylistic emphasis like in *Caprio,* the second letter included three different phone numbers in five different locations, made no reference to the first letter, and did not direct the reader's attention to the mailing address. 2018 WL 3085217, at *6.

Here, in contrast, the sentence inviting the consumer to call CCS's customer service agents has no mention of disputing the debt. The only reference of disputing the debt is found in the standard validation notice a paragraph below, which, as discussed, explicitly instructs Plaintiff to dispute the debt in writing. Moreover, nothing about the form of the letter overshadows or contradicts the information in the validation notice. Unlike the bolded telephone number in *Caprio,* the CCS letter does not emphasize any portion of the document in a manner that could lead the least sophisticated consumer to misunderstand his or her rights. Additionally,

the CCS letter is one-sided, presented in a single font that is sufficiently large to read, and limited to a single correspondence. While the letter includes two contact phone numbers, the mere inclusion of contact information other than a debt-collector's mailing address does not in itself create a claim under 15 U.S.C § 1692g. *See Riccio* v. *Sentry Credit, Inc.*, No. 17–1773, 2018 WL 638748, at *6 (D.N.J. Jan 31, 2018). Therefore, the CCS letter does not "instruct or suggest" an alternative method of disputing the debt beyond what the letter instructs in the validation notice. *See id.* (finding that including a phone number, mailing address and website in three equally sized Display Boxes "do[es] not instruct nor suggest an alternative method of disputing the alleged debt, but merely provided the consumer with the debt collector's contact information").

Plaintiff's §1692g claim, therefore, fails.

### C. § 1692e

Plaintiff's § 1692e claim is premised on the same allegations as his § 1692g claim regarding the debt collection letter. Because Plaintiff's § 1692g claim fails, correspondingly, his § 1692e claim also fails. Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Indeed, "[w]hen allegations under 15 U.S.C. § 1692e(10) are based on the same language or theories as allegations under 15 U.S.C. § 1692g, the analysis of the § 1692g claim is usually dispositive." *Caprio*, 709 F.3d at 154; *Reynolds v. Encore Receivable Mgmt*, No. 17-2207, 2018 WL 2278105, at *6 (D.N.J. May 18, 2018) ("Because Plaintiff's claim under Section 1692e is based on the same allegations as her claim under Section 1692g, the foregoing analysis as to Section 1692g is dispositive."). Even if it were not dispositive, the language used in the debt collection letter is not "a false representation or

deceptive," because the language cannot be reasonably read to have two or more different meanings, one of which is incorrect.  *See Rosenau v. Unifund Corp.*, 539 F.3d 218, 222 (3d Cir. 2008).  Accordingly, Plaintiff cannot sustain his § 1692e claim.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's motion for judgment on the pleadings is **GRANTED**, and Plaintiff's claims are, therefore, **DISMISSED.**

Dated:  February 28, 2019                                        /s/ Freda L. Wolfson
                                                                                  Hon. Freda L. Wolfson
                                                                                  United States District Judge